IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| CLARENCE BUCHANNON,<br>#123891,<br><br>            Petitioner,<br><br>     v<br><br>KENNETH L. JONES, WARDEN, *et al.*,<br><br>            Respondents. | )<br>)<br>)<br>)<br>)<br>)     Civil Action No.3:07cv897-WKW<br>)                      [WO]<br>)<br>)<br>) |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

This case is pending before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed on September 30, 2007, by Clarence Buchannon, an Alabama inmate currently incarcerated at the William E. Donaldson Correctional Facility.[1]  Buchannon challenges a conviction for first-degree robbery entered against him by the Circuit Court of Lee County, Alabama, on July 29, 1997.

## DISCUSSION

A review of the records of this court indicates that on August 30, 2000, Buchannon filed a previous habeas petition pursuant to the provisions of 28 U.S.C. § 2254 challenging

---

[1]Although the present petition is date-stamped "received" on October 5, 2007,  Buchannon signed the petition on September 30, 2007.  The law is well settled that a *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing.  *Houston v. Lack,* 487 U.S. 266, 271-72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993).  "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant petition] was delivered to prison authorities the day [Buchannon] signed it...."  *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

the same July 1997 robbery conviction imposed upon him by the Circuit Court of Lee County. *See Buchannon v. Mitchem, et al.*, Civil Action No. 2:00cv1227-WHA. In that prior habeas action, this court denied Buchannon relief from the Lee County robbery conviction, finding that his application for habeas relief was barred by the statute of limitations. *See* 28 U.S.C. § 2244(d). (*Id.* at Doc. Nos. 10 & 12.)

Pursuant to the provisions of 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." "A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals" and may be granted "only if [the assigned panel of judges] determines that the application makes a prima facie showing that the application satisfies the requirements of [28 U.S.C. § 2244(b)(2)]." 28 U.S.C. § 2244(b)(3)(B) and (C). It is clear from the pleadings filed by Buchannon that he has not received an order from a three-judge panel of the Eleventh Circuit Court of Appeals authorizing this court to consider a successive application for habeas relief. "Because this undertaking [is Petitioner's] second habeas corpus petition and because he had no permission from [the Eleventh Circuit] to file a second habeas petition, ... the district court lack[s] jurisdiction to grant the requested relief." *Gilreath v. State Board of Pardons and Paroles*, 273 F.3d 932, 933 (11th Cir. 2001). Consequently, the present petition for habeas corpus relief is due to be denied and this case

summarily dismissed.  *Id*. at 934.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the undersigned Magistrate Judge that:

1.  The 28 U.S.C. § 2254 petition for habeas corpus relief filed by filed by  Buchannon on September 30, 2007, be DENIED.

2.  This cause of action be DISMISSED in accordance with the provisions of 28 U.S.C. § 2244(b)(3)(A) as Buchannon has failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing a federal district court to consider his successive habeas application.

It is further

ORDERED that on or before October 24, 2007, the parties may file objections to the Recommendation.   Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the

District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc*., 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 11th day of October, 2007.


_____/s/Wallace Capel, Jr._____
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE

4